IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL P. BLACK, III, et al., ) | |
| Plaintiffs, ) | C.A. No. 24-128 Erie |
| v. ) | |
| ) | |
| SOOMI JAMES a/k/a SUMI JAMES- ) | |
| BLACK a/k/a SOOMI JAMES BLACK ) | |
| a/k/a SOOMI H. JAMES a/k/a SOOMI ) | District Judge Susan Paradise Baxter |
| HAM a/k/a SOOMI NHEI a/k/a SUMI ) | |
| JAMES a/k/a SOOMI MI, et al., ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiffs initiated this action by the filing of a civil complaint in the Court of Common Pleas of Erie County, Pennsylvania, on or about April 12, 2024, against fifteen (15) named Defendants: Soomi James a/k/a Sumi James-Black a/k/a Soomi James Black a/k/a Soomi H. James a/k/a Soomi Ham a/k/a Soomi NHEI a/k/a Sumi James a/k/a Soomi Mi ("Sumi"); Nicole Buzzard ("Buzzard"); the Sumi James-Black 2022 Irrevocable Trust ("SJB 2022 Trust"); the James-Black 2020 Irrevocable Trust ("JB 2020 Trust"); the Silverthorn 2021 Irrevocable Trust ("Silverthorn Trust"); SJB 2020 Inheritance Trust ("SJB 2020 Trust"); the SPB III (HDAI) 2020 Irrevocable Trust ("HDAI 2020 Trust"); Lot 289, LLC ("Lot 289"); Lot 298, LLC ("Lot 298"); Top Road, LLC ("Top Road"); Prism Glass Recycling, LLC ("Prism Glass"); SJB Investment Enterprises, LLC ("SJB Investment"); Reabah, Inc. ("Reabah"), and Networking Technologies, LLC ("NetTech"); and Knox, McLaughlin, Gornall & Sennett, PC ("Knox"). [ECF No. 1-4]. The complaint asserts a multitude of state law tort claims against various Defendants, along with three counts brought under the federal Racketeer Influenced and Corrupt Organizations Act, 18

U.S.C. §1961, *et seq.* ("RICO") against three of the named Defendants: Sumi, Buzzard and Knox (hereinafter collectively referred to as "RICO Defendants").

Based on the Court's federal question jurisdiction over Plaintiff's RICO claims, the case was removed to this Court pursuant to a Notice of Removal filed by Defendant Knox on May 12, 2024. [ECF No. 1]. Presently pending before the Court are motions to dismiss filed by Defendants Knox [ECF No. 8], SJB Investment [ECF No. 55], Top Road [ECF No. 57], Lot 298 [ECF No. 59, Lot 289 [ECF No. 61], SJB 2020 Trust [ECF No. 65], JB 2020 Trust [ECF No. 69], SJB 2022 Trust [ECF No. 71], Buzzard [ECF No. 77], and Sumi [ECF No. 80].[1] All motions have been fully briefed by the parties.

Initially the Court notes that it would be premature to consider the motions to dismiss filed by all Defendants other than the three RICO Defendants because this Court's supplemental jurisdiction over the state tort claims against those Defendants, under 28 U.S.C. §1367, is entirely dependent upon the viability of Plaintiff's RICO claims. As a result, the motions of all Defendants other than the RICO Defendants will be dismissed as premature.

As for Plaintiff's RICO claims, Plaintiffs have failed to comply with Local Civil Rule 7.1B, which states:

> [a]ny party filing a civil action under 18 U.S.C. §§ 1961-1968 shall file with the complaint, or within fourteen (14) days thereafter, a RICO case statement in the form set forth at "Appendix LCvR 7.1B" or in another form as directed by the Court.

---

[1] Motions to dismiss were also filed by Defendants Prism Glass [ECF No. 53], HDAI 2020 Trust [ECF No. 63], and Silverthorn Trust [ECF No. 67]; however, these Defendants, along with Defendants Reabah and NetTech, were voluntarily dismissed from this action by Plaintiff on September 16, 2024 [ECF No. 90]. As a result, the motions to dismiss at ECF Nos. 53, 63, and 67 have been terminated.

LCvR 7.1B, https://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf.[2] By its terms, this rule is mandatory, not discretionary. Moreover, courts have found RICO case statements to be a "'useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute." Expotech Engineering, Inc. v. Cardone Ind., Inc., 2020 WL 1694543, at *12 (E.D. Pa. Apr. 7, 2020), quoting Old Time Enterprises, Inc. v. Int'l Coffee Corp., 862 F.2d 1213, 1216 (5th Cir. 1989) (other citations omitted). "The mission of the case statement is to amplify the allegations of the Complaint. It provides clarity and precision in the statement of a civil RICO claim and thereby assists in the identification, clarification and narrowing of issues." Northland Ins. Co. v. Shell Oil Co., 930 F. Supp. 1069, 1074-75 (D.N.J. 2006). This is particularly true in cases such as this where Plaintiffs' RICO claims are the sole basis upon which this Court's original jurisdiction may be maintained.

Because the absence of a RICO case statement hinders the Court's ability to ascertain the viability of Plaintiffs' RICO claims, Plaintiffs must file the required statement in compliance with Local Civil Rule 7.1B, and the RICO Defendants' motions to dismiss will be dismissed, without prejudice, pending the filing of said statement.

AND NOW, this 28th day of March, 2025,

IT IS HEREBY ORDERED that Plaintiffs shall file a RICO case statement in accordance with Local Civil Rule 7.1B within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that the motions to dismiss filed by the RICO Defendants, Knox, Buzzard, and Sumi [ECF Nos. 8, 77, and 80, respectively] are hereby DISMISSED,

---

[2] Plaintiffs have acknowledged this fact in their memorandum in opposition to Defendant Knox's motion to dismiss. (ECF No. 16, at pp. 2-3, n.3).

without prejudice to said Defendants' right to refile and/or restate their motions to dismiss within twenty (20) days after the filing of Plaintiffs' RICO case statement.

IT IS FURTHER ORDERED that the motions to dismiss filed by all Defendants other than the RICO Defendants [ECF Nos. 55, 57, 59, 61, 65, 69, 71] are hereby DISMISSED as premature, without prejudice to said Defendants right to refile and/or restate said motions in the event Plaintiffs' RICO claims survive dismissal.

SUSAN PARADISE BAXTER<br>
United States District Judge