IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL P. BLACK, III, et al., <br>    Plaintiffs, <br> v. <br><br> SOOMI JAMES a/k/a SUMI JAMES-BLACK a/k/a SOOMI JAMES BLACK a/k/a SOOMI H. JAMES a/k/a SOOMI HAM a/k/a SOOMI NHEI a/k/a SUMI JAMES a/k/a SOOMI MI, et al., <br>    Defendants. | C.A. No. 24-128 Erie <br><br><br> District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiffs initiated this action by the filing of a civil complaint in the Court of Common Pleas of Erie County, Pennsylvania, on or about April 12, 2024, against fifteen (15) named Defendants: Soomi James a/k/a Sumi James-Black a/k/a Soomi James Black a/k/a Soomi H. James a/k/a Soomi Ham a/k/a Soomi NHEI a/k/a Sumi James a/k/a Soomi Mi ("Sumi"); Nicole Buzzard ("Buzzard"); the Sumi James-Black 2022 Irrevocable Trust ("SJB 2022 Trust"); the James-Black 2020 Irrevocable Trust ("JB 2020 Trust"); the Silverthorn 2021 Irrevocable Trust ("Silverthorn Trust"); SJB 2020 Inheritance Trust ("SJB 2020 Trust"); the SPB III (HDAI) 2020 Irrevocable Trust ("HDAI 2020 Trust"); Lot 289, LLC ("Lot 289"); Lot 298, LLC ("Lot 298"); Top Road, LLC ("Top Road"); Prism Glass Recycling, LLC ("Prism Glass"); SJB Investment Enterprises, LLC ("SJB Investment"); Reabah, Inc. ("Reabah"), and Networking Technologies,

1

LLC ("NetTech"); and Knox, McLaughlin, Gornall & Sennett, PC ("Knox"). [ECF No. 1-4].[1]

The voluminous complaint spans three hundred twenty-four (324) pages containing 1,348 paragraphs, plus an additional five hundred twenty-six (526) pages of exhibits. The claims are separated into twelve (12) "chapters," the first eleven of which assert a multitude of state tort claims against various Defendants, while Chapter 12 asserts three counts brought under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.* ("RICO") against only three of the named Defendants: Sumi, Buzzard and Knox (hereinafter collectively referred to as "RICO Defendants").

Based on the Court's federal question jurisdiction over Plaintiff's RICO claims, the case was removed to this Court pursuant to a Notice of Removal filed by Defendant Knox on May 12, 2024. [ECF No. 1]. All Defendants previously filed motions to dismiss; however, by Order dated March 28, 2025, the motions to dismiss filed by all Defendants other than the RICO Defendants were dismissed as premature, without prejudice, because this Court's supplemental jurisdiction over the state tort claims against those Defendants, under 28 U.S.C. §1367, is entirely dependent upon the viability of Plaintiff's RICO claims. [ECF No. 101]. In addition, due to Plaintiffs' failure to file a RICO Case Statement in accordance with Local Civil Rule 7.1B, the motions to dismiss filed by the RICO Defendants were also dismissed, without prejudice to their right to refile and/or restate their motions to dismiss after Plaintiffs filed their RICO Case Statement, which was ordered to be filed within 14 days. (Id.).

---

[1] Defendants Prism Glass, HDAI 2020 Trust, Silverthorn Trust, Reabah, and NetTech, were voluntarily dismissed from this action by Plaintiff on September 16, 2024 [ECF No. 90].

In compliance with this Court's Order, Plaintiffs subsequently filed a 69-page RICO Case Statement on April 10, 2025 [ECF No. 102}. Renewed motions to dismiss were thereafter filed by RICO Defendants Buzzard [ECF No. 109], Knox [ECF No. 112], and Sumi [ECF No. 114], along with supporting briefs. While the motions filed by Defendants Buzzard and Knox seek dismissal of all claims against those parties, Defendant Sumi's motion only seeks dismissal of the RICO claims against her, as set forth in Chapter 12 of the complaint, while reserving her right to file a motion to dismiss the state law claims against her should the RICO claims survive dismissal. Plaintiffs have filed a comprehensive brief in opposition to all of the RICO Defendants' motions [ECF No. 120], to which Defendants Sumi and Knox have filed reply briefs [ECF Nos. 122 and 123, respectively]. These motions are now ripe for consideration.

## II.   DISCUSSION

Because the Court's supplemental jurisdiction over Plaintiffs' state tort claims is dependent on the viability of Plaintiffs' RICO claims over which the Court has original jurisdiction, the Court will first address the RICO claims set forth in Chapter 12 of the complaint. In Chapter 12, Plaintiffs assert three separate counts against the RICO Defendants under 18 U.S.C. § 1961, *et seq.*:

> Count I – Violation of 18 U.S.C. § 1962(b) – Racketeering Activity;
> Count II – Violation of 18 U.S.C. § 1962 (c) – Acquisition of an Interest in an Enterprise; and
> Count III – Violation of 18 U.S.C. § 1962(d) – RICO Conspiracy.

In their motions, each of the RICO Defendants seeks dismissal of Plaintiffs' RICO claims, arguing, *inter alia*, that Plaintiffs have failed to sufficiently plead the existence of an "enterprise," and have failed to sufficiently identify a "pattern of racketeering activity," as required by 18 U.S.C. §§ 1962(b) and (c). In addition, all RICO Defendants assert that Plaintiffs

have failed to state a claim of RICO conspiracy under 18 U.S.C. § 1962(d), because of the failure of their substantive RICO claims.

### A. RICO "Enterprise"

A RICO claim under 18 U.S.C. § 1962 requires the Court to determine that the RICO Defendants were involved in an "enterprise" conducting interstate commerce. An enterprise under the RICO statute is broadly defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The existence of an enterprise is an element distinct from the pattern of racketeering activity and "proof of one does not necessarily establish the other." U.S. v. Turkette, 452 U.S. 576, 583 (1981).

The definition of an "enterprise" encompasses organizations such as corporations and partnerships and other legal entities as well as any group of individuals that do not constitute a legal entity but are "associated in fact." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 364 (3d Cir. 2010). In this case, Plaintiffs claim that the RICO Defendants conducted an association-in-fact enterprise, which Plaintiffs have labeled the "Sumi-Buzzard-Knox Enterprise." (ECF No. 102 at p. 61).

An association-in-fact enterprise "is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" Boyle v. U.S., 556 U.S. 938, 946 (2009), quoting Turkette, 452 U.S. at 583. No matter how informal, an association-in-fact enterprise must nevertheless have some "structure," which at the very least must include: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Ins. Brokerage Antitrust Litig., 618 F.3d at 366, quoting Boyle, 556 U.S. at 946.

To assert an association-in-fact enterprise, Plaintiffs are required to *plausibly* allege "something more than the fact that the individuals were all engaged in the same type of illicit conduct during the same time period." Ins. Brokerage Antitrust Litig., 618 F.3d at 370 (citation omitted). The enterprise must be "an entity separate and apart from the pattern of activity in which it engages." Id. at 365. In short, "a plaintiff must demonstrate the existence of an 'enterprise,' functioning as an independent, free-standing association-in-fact, which 'engages in a pattern of activity which differs from the usual and daily activities of its members.'" Biros v. Snyder, 2025 WL 964099, at *7 (W.D. Pa. Mar. 31, 2025), quoting Ferguson v. Moeller, 2016 WL 1106609, at *5 (W.D. Pa. Mar. 22, 2016) (citations omitted). This the Plaintiffs have failed to do.

Remarkably, despite its immense length and extensive verbiage, Plaintiffs' 339-page complaint falls short of establishing the existence of an "independent, free-standing association-in-fact" enterprise among the RICO defendants, and the subsequent filing of Plaintiffs' 69-page RICO Statement has failed to provide any helpful clarity to overcome this hurdle. The complaint's principal allegations encapsulating the purported identity and purpose of, and relationships within, the so-called "Sumi-Buzzard-Knox Enterprise" are found at paragraphs 1282 and 1284, which allege, *inter alia*,

> 1282. ... the Sumi-Buzzard-Knox enterprise's common purpose was the fraudulent and/or improper and/or surreptitious transferring/conversion/ diversion of funds and property and assets owned by and/or being created by the Plaintiffs to and/or for the benefit of Defendant Sumi, and from which all of the Defendants did and would continue to unjustly enrich themselves at the expense of the Plaintiffs....
>
> 1284. Each of the Defendants knowingly and fraudulently played different, but coordinating, complimentary, interrelated and dependent-upon-each-other roles in managing, and/or conducting, and/or deciding, and/or directing the operations and affairs of the Sumi-Buzzard-Knox

> Enterprise, thereby banding together to commit a pattern of wire fraud, mail fraud and money laundering racketeering activity which they could not have accomplished on their own, in violation of 18 U.S.C. §1962(c)….

(ECF No. 1-4, ¶¶ 1282,1284).

Sandwiched between the foregoing allegations is a single allegation purporting to describe the independent existence of the alleged enterprise:

> 1283. The Sumi-Buzzard-Knox Enterprise existed separate and apart from the pattern of racketeering activity in which Defendants are alleged to have engaged, as Defendants Sumi, Buzzard and Knox have multiple goals, not all of which are fraudulent or illegal. However, since at least December 2020 (and perhaps earlier, as discovery may show), Defendants used this enterprise to conduct the continuing and related acts of wire fraud, mail fraud and money laundering previously described in the Complaint, all of which comprised a pattern of racketeering in violation of 18 U.S.C. § 1962(c).

(Id. at ¶ 1283). From the foregoing allegation, it appears that Plaintiffs are claiming that the RICO Defendants established an ongoing association-in-fact enterprise sometime prior to December 2020, which "have [had] multiple goals, not all of which are fraudulent or illegal." However, this allegation alone does nothing to define the nature or structure of an independent enterprise "separate and apart from" the alleged pattern of racketeering activity that allegedly began sometime in December 2020. Indeed, the complaint contains no allegations establishing the existence or operation of any legitimate, ongoing association among the RICO Defendants prior to December 2020. As Defendant Knox aptly concludes in its reply brief, "Plaintiffs simply do not offer any explanation as to how the purported association-in-fact acted in furtherance of any goal other than to defraud Plaintiffs." (ECF No. 123, at p. 3, citing Man v. Thang, 2025 WL 949505, at *5 (W.D. Pa. Mar. 28, 2025) (an "enterprise for purposes of RICO "must have a broader function than to simply defraud Plaintiffs")). Moreover, even among the transactions detailed in Chapters 1-11 of the complaint, only five involved the alleged conduct of all three

6

members of the purported enterprise (Chapters 1-3, 7 and 9).[2] In short, the complaint fails to plausibly allege the existence of an "independent, free-standing association-in-fact" enterprise among the RICO defendants.

Plaintiffs' subsequent filing of their RICO Statement has failed to rectify this fatal flaw. In an effort to clarify the legitimate business purposes and functions of the purported enterprise, Plaintiffs' RICO Statement merely states:

> The Sumi-Buzzard-Knox Enterprise constitutes an entity separate from the pattern of racketeering activity in which the RICO Defendants are alleged to have engaged. *The Enterprise has existed for the legitimate purpose of managing the various, for-profit Black business entities – [Sumi] in her role as COO and for a time, acting CEO of EMG, Buzzard in her role as Vice President of Finance & Accounting of EMG, and [Knox] in its role as legal counsel for Black & Associates.*

(ECF No. 102, at p. 62). Yet, Plaintiffs fail to provide any further information as to when and in what manner the purported enterprise allegedly performed legitimate management functions for Plaintiffs' business entities that were distinct from "the usual and daily activities of its [individual] members." Biros, 2025 WL 964099, at *7. Such a vague and conclusory reference to the purported enterprise's "legitimate purpose" is woefully insufficient to establish the existence of an independent association-in-fact.

Furthermore, rather than defining the roles and relationships of the RICO Defendants within the purported enterprise structure, Plaintiffs define the existing role of each Defendant solely in relation to the Plaintiffs themselves - Sumi as EMG's COO and occasional acting CEO,

---

[2] In particular, the transactions in Chapters 4, 5, 8, and 10 allegedly involved only Defendants Sumi and Buzzard, the transaction in Chapter 6 allegedly involved only Defendants Sumi and Knox; and the transaction alleged in Chapter 11 involved only Sumi and Buzzard, as well as two unnamed Defendants identified as "RR" and "DP."

Buzzard as EMG's Vice President Finance & Accounting, and Knox as legal counsel for Black & Associates. There are no allegations of how each RICO Defendant conducted the affairs of the "enterprise," nor are there any allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering.

Because Plaintiffs' allegations do not plausibly allege "the existence of an 'enterprise,' functioning as an independent, free-standing association-in-fact, which engages in a pattern of activity which differs from the usual and daily activities of its members," Biros, 2025 WL 964099, at *7 (internal quotations omitted), they fail to state a claim for a substantive RICO violation under either 18 U.S.C. § 1962(b) or (c).[3] See, e.g., Spirits v. Ragghianti, 2024 WL 3177773, at *3 (3d Cir. June 26, 2024) ("absent the structural attributes identified in Boyle, [plaintiffs'] allegations establish neither 'an ongoing organization, formal or informal,' nor that 'the various associates function[ed] as a continuing unit'"); Deckard v. Emory, 2020 WL 3960421, at *10 (E.D. Pa. Jul. 13, 2020) (concluding that plaintiff has failed to allege either of these critical elements—structure and distinctness—and has instead merely identified an "enterprise" that is indistinguishable from the pattern of activity in which it allegedly engaged); Fidelity Nat. Title Ins. Co. v. Craven, 2013 WL 3778388, at *7 (E.D. Pa. July 18, 2013) (dismissing RICO claims where there was nothing in the complaint "to suggest that the ... individuals had any function wholly unrelated to the fraudulent activity claimed in this case").

---

[3] Because the Court has concluded that Plaintiffs have failed to plausibly allege the threshold requirement of a RICO enterprise, there is no reason to address the RICO Defendants' other principal argument that Plaintiffs have failed to sufficiently allege a "pattern of racketeering activity" under Sections 1962(b) and (c) of the RICO statute.

As a result, Plaintiffs' substantive RICO claims under 18 U.S.C. §§ 1962(b) and (c) will be dismissed, with prejudice.[4]

**B.    RICO Conspiracy – 18 U.S.C. § 1962(d)**

Count II of Chapter 12 of Plaintiffs' complaint alleges a RICO conspiracy among the RICO Defendants pursuant to 18 U.S.C. § 1962(d), which provides "it shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section." Because Plaintiffs have failed to state substantive RICO claims under Sections 1962(b) and (c), it necessarily follows that Plaintiffs' conspiracy claim under Section 1962(d) also must fail. See McLaughlin v. Int'l Brotherhood of Teamsters, Local 249, 641 F.Supp.3d 177, 203 (W.D. Pa. 2022), citing Ins. Brokerage, 618 F.3d at 373 ("[A] § 1962(d) claim must be dismissed if the complaint does not adequately allege 'an endeavor which, if completed, would satisfy all of the elements of a substantive [RICO] offense'" (*quoting* Salinas v. United States, 522 U.S. 52, 65 (1997)); Lum v. Bank of America, 361 F.3d 217, 227 n.5 (3d Cir. 2004) (affirming dismissal of a RICO conspiracy claim where "plaintiffs failed to adequately plead a substantive RICO claim"); Rehkop v. Berwick Healthcare Corp., 95 F.3d 285, 290 (3d Cir. 1996) ("[I]n order to state a violation of section 1962(d) for conspiracy to violate subsection (a), (b), or (c), the plaintiff must establish that the defendants violated (or were going to violate) one of those subsections"); Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section

---

[4] In their opposition brief, Plaintiffs have asked for the opportunity to amend their complaint; however, the Court is not inclined to grant this request because of the already voluminous nature of the complaint and Plaintiffs' subsequent filing of an extensive RICO Statement, in which they were given the opportunity to supplement and clarify their allegations.

9

1962 necessarily must fail if the substantive claims are themselves deficient"). Accordingly, Plaintiffs' RICO conspiracy claim will be dismissed, with prejudice.

### C.     State Tort Claims

Plaintiffs' remaining claims set forth in Chapters 1-11 of the complaint are all brought under Pennsylvania state law. Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over pendent state law claims where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c)(3). Because the Plaintiffs' RICO claims were the sole jurisdictional basis upon which this action was brought to this Court, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Thus, such claims will be dismissed without prejudice to Plaintiffs' right to pursue the same in state court. This dismissal of all of Plaintiffs' state law claims, without prejudice, applies not only to such claims brought against the moving RICO Defendants, but to all such claims brought against all Defendants in this case, *sua sponte*, since there is no remaining federal claim asserted in this action. As a result, this action will be dismissed in its entirety.

An appropriate Order follows.